IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LISA HARMS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 17-cv-57 ) |
| CAPITAL ONE, NATIONAL ASSOCIATION and DOES 1-20, | ) ) ) |
| Defendants. | ) |

**CLASS ACTION COMPLAINT WITH JURY DEMAND**

Now comes the Plaintiff, LISA HARMS, by and through her attorneys, and brings this class action complaint against Defendants, CAPITAL ONE, NATIONAL ASSOCIATION and DOES 1-20, on behalf of herself and a class and sub-class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In support thereof, Plaintiff alleges and states as follows:

**INTRODUCTION**

1. Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* (the "EFTA"), and the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, *et seq.*, (the "CSPA").

2. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts without proper authorization, thereby violating the EFTA and its accompanying regulations, and the CSPA. Plaintiff alleges as follows upon personal knowledge

1

as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. §§ 1331 and 1367, and 15 U.S.C. § 1693m(g).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because Plaintiff resides within this District, Defendant does or transacts business within this District, and/or a material portion of the events at issue occurred in this District

## PARTIES

5. Plaintiff, LISA HARMS ("Plaintiff"), is a natural person who was at all relevant times residing in Dayton, Montgomery County, Ohio.

6. Plaintiff is a "consumer," as defined by 15 U.S.C. § 1693a(6).

7. Plaintiff is also a "consumer," as defined by Ohio Rev. Code § 1345.01(D).

8. On information and belief, Defendant CAPITAL ONE, NATIONAL ASSOCIATION ("Defendant") is a foreign corporation and/or a national banking association, which is licensed to do business in Ohio, and whose principal place of business is located in McLean, Virginia.

9. Defendant is a "supplier," as defined by Ohio Rev. Code § 1345.01(C).

10. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

12. On or about August 24, 2016, Defendant initiated an electronic withdrawal from Plaintiff's checking account in the amount of $262.68.

13. On or about September 26, 2016, Defendant initiated another electronic withdrawal from Plaintiff's checking account in the amount of $161.98

14. Subsequently, Defendant attempted to initiate another electronic withdrawal from Plaintiff's checking account, but Defendant was unsuccessful in doing so, as Plaintiff had requested that her bank put a freeze on her account.

15. Said electronic withdrawals were made without Plaintiff's knowledge, authorization and consent, as Plaintiff did not owe any money to Defendant, nor had Plaintiff agreed to pay these sums to Defendant.

16. Further, Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing these recurring or automatic payments.

17. Plaintiff made numerous attempts to resolve this issue with Defendant by telephone and obtain a refund of the amounts wrongfully withdrawn from her account. Plaintiff wasted hours

of her time attempting to obtain reimbursement of the amounts wrongfully withdrawn from her account by Defendant.

18. During the course of Plaintiff disputing the wrongful withdrawals from her account with Defendant, Plaintiff received a telephone call from an agent of Defendant while she was on vacation. Defendant's agent requested that Plaintiff go to a local branch of her bank and obtain a statement of her account and other information.

19. Plaintiff was forced to change the date of her flight back to Ohio in order to accommodate Defendant's request, and she incurred airline fees in doing so.

20. Ultimately, Plaintiff was forced to dispute these transactions through her own bank and close her bank account.

21. Plaintiff alleges such activity to be in violation of the EFTA and its surrounding regulations, including, but not limited to, 12 C.F.R. §§ 1005.7, 1005.8 and/or 1005.9. Plaintiff also alleges such activity to be in violation of the CSPA.

22. As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, invasion of privacy; wasting Plaintiff's time; airline fees; and aggravation, stress, inconvenience, emotional distress and similar categories of damages.

## **CLASS ALLEGATIONS**

23. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "Class") defined as follows: All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, within the one year prior to the filing of this Complaint.

24. Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class") defined as follows: All persons in the State of Ohio whose bank accounts were debited by Defendants without proper authorization or consent, for a period dating back two years prior to the filing of this Complaint.

25. Plaintiff represents, and is a member of, the Class, consisting of all persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

26. Plaintiff represents, and is a member of, the Sub-Class, consisting of all persons in the Ohio whose bank accounts were debited by Defendants without proper authorization or consent, for a period dating back two years prior to the filing of this Complaint.

27. Defendants, their employees and agents are excluded from the Class and the Sub-Class. Plaintiff does not know the number of members in the Class and the Sub-Class, but believes the Class and the Sub-Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

28. The Class and the Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Class and the Sub-Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and the Sub-Class include hundreds, if not thousands, of members. Plaintiff alleges that the Class and the Sub-Class members may be ascertained by the records maintained by Defendants.

29. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class and the Sub-Class are so numerous that joinder of the Class and the Sub-Class

members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the Court.

30. There are questions of law and fact common to the Class and the Sub-Class affecting the parties to be represented. The questions of law and fact common to the Class and the Sub-Class predominate over questions which may affect individual Class or Sub-Class members and include, but are not necessarily limited to, the following:

   a. Whether the members of the Class were provided with and/or executed written agreements memorializing the automatic or recurring electronic payments;

   b. Whether Defendants requested and/or provided members of the Class with written agreements memorializing the automatic or recurring electronic payments;

   c. Whether the members of the Class provided either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments;

   d. Whether, despite not providing written or electronic authorization for payments to be withdrawn from their accounts, Defendants took unauthorized payments from Class members' accounts, for a period dating back one year prior to the filing of this Complaint;

   e. Whether the Class members' bank accounts were debited by Defendants without proper authorization or consent, for a period dating back one year prior to the filing of this Complaint; and

   f. Whether the Sub-Class members' bank accounts were debited by

6

Defendants without proper authorization or consent, for a period dating back two years prior to the filing of this Complaint.

31. As a resident of the United States and the State of Ohio whose bank account was debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, and otherwise without proper authorization or consent, Plaintiff is asserting claims that are typical of the Class and the Sub-Class.

32. Plaintiff has no interest adverse or antagonistic to the interests of the other members of the Class or the Sub-Class.

33. Plaintiff will fairly and adequately protect the interests of the members of the Class and the Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

34. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class and Sub-Class member. Class treatment will also permit the adjudication of relatively small claims by many Class and Sub-Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

35. The prosecution of separate actions by individual Class and Sub-Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class and Sub-Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class and Sub-Class members to protect their interests.

36. Defendants have acted or refused to act in respects generally applicable to the Class and the Sub-Class, thereby making appropriate final and injunctive relief with regard to the members of the Class and the Sub-Class as a whole.

37. Defendants failed to comply with the writing and notice requirements of § 907(a) of the EFTA, 15 U.S.C. § 1693e(a) as to the Class members with respect to the above alleged transactions.

38. Defendants also failed to comply with the requirements of the CSPA, Ohio Rev. Code §§ 1345.02 and 1345.03, as to the Sub-Class members with respect to the above-alleged transactions.

39. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

40. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals

41. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the

authorization shall provide a copy to the consumer."

42. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶ 10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6

43. Ohio Rev. Code § 1345.02 provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

44. Ohio Rev. Code § 1345.03 provides that "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

45. In multiple instances, Defendants debited bank accounts of the Class and the Sub-Class members on a recurring basis without obtaining a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic fund transfers from the accounts of the respective Class members, thereby violating § 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

46. In multiple instances, Defendants debited bank accounts of the Class and the Sub-Class members on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic funds

transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b)

47. In multiple instances, Defendants debited bank accounts of the Sub-Class members without proper authorization or consent, thereby violating the CSPA, Ohio Rev. Code §§ 1345.02 and 1345.03.

48. The size and definition of the Class and the Sub-Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I
## VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT
## 15 U.S.C. § 1693, *et seq.*

49. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 48 above as if fully reiterated herein.

50. Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

51. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

52. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

53. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should

10

evidence the consumer's identity and assent to the authorization." *Id.* at ¶ 10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶ 10(b), comment 6.

54. In multiple instances, Defendants have debited Plaintiff's and the putative Class and Sub-Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and the putative Class and Sub-Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

55. In multiple instances, Defendants have debited Plaintiff's and the putative Class and Sub-Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class and Sub-Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

### COUNT II
### VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT
### OHIO REV. CODE § 1345.01, *et seq.*

56. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 55 above as if fully reiterated herein.

57. The underlying transaction for which Defendant wrongfully debited Plaintiff's account without proper authorization or consent was a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

58. Defendants' actions and omissions as described above constitute unfair, deceptive

11

and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03 and the substantive rules promulgated under the CSPA.

59. Defendants knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as Class and Sub-Class Counsel;

c. An order requiring Defendants, at its own cost, to notify all Class and Sub-Class members of the unlawful, unfair, deceptive and unconscionable conduct herein;

d. Actual damages suffered as a result of Defendants' violations of the EFTA, pursuant to 15 U.S.C. § 1693m(a)(1);

e. $1,000 in statutory damages for each of Defendants' violations of the EFTA, pursuant to 15 U.S.C. § 1692m(a)(2)(A);

f. Actual economic and noneconomic damages suffered as a result of Defendants' violations of the CSPA, pursuant to Ohio Rev. Code § 1345.09(A);

g. Three times the amount of each individual Sub-Class member's actual economic damages, or two hundred dollars, whichever is greater, plus

12

    noneconomic damages suffered as a result of Defendants' violations of the CSPA, pursuant to Ohio Rev. Code § 1345.09(B);

h.  Witness fees, court costs and other litigation costs;

i.  Reasonable attorneys' fees incurred in this action, pursuant to 15 U.S.C. § 1693m(a)(3) and Ohio Rev. Code § 1345.09(F)(2);

j.  Pre- judgment and post-judgment interest; and

k.  All other relief, general or special, legal or equitable, to which Plaintiff, and the Class and Sub-Class members may be justly entitled as deemed by the Court.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the trebling of any damages pursuant to Ohio Rev. Code § 1345.09, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

    RESPECTFULLY SUBMITTED,

    LISA HARMS

    By:  /s/ David B. Levin
       Attorney for Plaintiffs
       Ohio Attorney No. 0059340
       Law Offices of Todd M. Friedman, P.C.
       111 West Jackson Blvd., Suite 1700
       Chicago, IL 60604
       Phone: (312) 212-4355
       Fax: (866) 633-0228
       dlevin@toddflaw.com